GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
WILLIAM S. FISKE (Cal. Bar No. 123071)
Email: fiskew@sec.gov
DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email: vanhavermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ENVIRO BOARD CORPORATION, GLENN B. CAMP, WILLIAM J. PEIFFER, and JOSHUA D. MOSSHART,<br><br>Defendants. | Case No. 2:16-cv-06427-R-SS<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT JOSHUA D. MOSSHART'S APPEAL FOR RELIEF OF DISGORGEMENT AND PENALTIES**<br><br>Date:     July 17, 2017<br>Time:    10:00 a.m.<br>Ctrm:    Courtroom 8<br>Judge:   Hon. Manuel Real |

Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes defendant Joshua D. Mosshart's "appeal for relief of disgorgement and penalties under Section 20(d)(1) and Section 21(d)(3)(A)." (Dkt. No. 41.) Although the motion is vague, Mosshart appears to be requesting reconsideration of the Court's Order denying his motion to set aside entry of his default and granting the SEC's motion for a default judgment ordering Mosshart to pay disgorgement with prejudgment interest and civil penalties. (Dkt. No. 35.) While it is unclear whether Mosshart seeks relief under Rule 59 or Rule 60, Mosshart's motion does not provide any basis for reconsideration of or relief from the Court's Order under either Rule.

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59, however, applies only to final judgments or appealable interlocutory orders, and would not apply to the Court's Order denying Mosshart's motion to set aside entry of his default. *See*, *e.g.*, *Balla v. Idaho State Board of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). In addition, a motion to alter or amend a judgment under Rule 59 must be filed no later than 28 days after entry of the judgment. F.R.C.P. 59(e). Here, Mosshart did not file his motion until 34 days after entry of the Court's Order, and thus his motion would not be timely under Rule 59.

Even if Mosshart's motion were timely and Rule 59 were applicable to the Court's Order, relief would still not be appropriate. Mosshart does not purport to present any newly-discovered evidence, nor does he cite any intervening change in controlling law. He simply describes a string of exhibits that do nothing to disturb the Court's findings that Mosshart's failure to respond to the complaint was not due to excusable neglect and that he has failed to show a meritorious defense. Mosshart's arguments have already been considered and rejected by the Court, and the motion does not identify any basis for finding that the Court committed clear error or that the

entry of the Order was manifestly unjust.

Relief would also be improper if Mosshart's motion was deemed a Rule 60(b) motion. Under Rule 60(b), relief from a final judgment is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; the mere dissatisfaction with the court's order or belief that the court's decision was wrong are not grounds for relief. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

None of the bases for relief under Rule 60(b) are present here. Mosshart does not appear to allege mistake, surprise or neglect. He does not set forth any newly discovered evidence, and his lengthy list of exhibits is untethered to any analysis of how they relate to Mosshart's failure to respond to the complaint and they do not show that he has a meritorious defense. Moreover, there is no showing that the exhibits that Mosshart now attaches were previously unavailable or newly discovered, and therefore they are not properly considered under a Rule 60(b) motion. *See*, *e.g.*, *Donley v. City of Morrow*, 601 Fed. Appx. 805, 812 (11th Cir. 2015) ("When a party attempts to introduce new evidence in a motion for reconsideration, the district court should not grant the motion absent a showing that the evidence was previously unavailable or newly discovered"). Mosshart also fails to establish that the Order that he pay disgorgement and civil penalties was the result of fraud. To do so, he would have had to prove by clear and convincing evidence that the Order was obtained through fraud, misrepresentation, or other misconduct, and that such conduct prevented him from fully and fairly presenting his defense. *Bunch v. U.S.*, 680 F.2d 1271, 1283 (9th Cir. 1982). Mosshart does not appear to make any such contentions. Finally, Mosshart does not allege that the Order requiring that he pay disgorgement with prejudgment interest and civil penalties is void, or has been

2

satisfied or discharged, or any other extraordinary circumstances that would warrant relief from the Order.

  Because Mosshart does not set forth any bases for reconsidering, altering, or amending the Order, the Court should deny his motion.

Dated: June 26, 2017          Respectfully submitted,

*/s/ Gary Y. Leung*
GARY Y. LEUNG
WILLIAM S. FISKE
DAVID J. VAN HAVERMAAT
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

>U.S. SECURITIES AND EXCHANGE COMMISSION,
>444 S. Flower Street, Suite 900, Los Angeles, California 90071
>Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 26, 2017, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT JOSHUA D. MOSSHART'S APPEAL FOR RELIEF OF DISGORGEMENT AND PENALTIES** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 26, 2017            */s/ Julian Cha*
                               JULIAN CHA

*SEC v. Enviro Board Corporation et al*
United States District Court—Central District of California
Case No. 2:16-cv-06427-R-SS

### SERVICE LIST

Michael P. McCloskey, Esq. **(served by CM/ECF)**
David J. Aveni, Esq. **(served by CM/ECF)**
Marty B. Ready, Esq. **(served by CM/ECF)**
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
655 W Broadway, Suite 900
San Diego, CA 92101-8484
Email:  michael.mccloskey@wilsonelser.com
Email:  david.aveni@wilsonelser.com
Email:  marty.ready@wilsonelser.com
*Attorney for Defendants Enviro Board Corporation, Glenn B. Camp and William J. Peiffer*

Joshua D. Mosshart **(served by U.S. mail only)**
[redacted]
Malibu, CA [redacted]
*Pro Se*