GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
DAVID J. VAN HAVERMAAT (Cal. Bar No.
Email: vanhavermaatd@sec.gov
WILLIAM S. FISKE (Cal. Bar No. 123071)
Email: fiskew@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>ENVIRO BOARD CORPORATION, GLENN B. CAMP, WILLIAM J. PEIFFER, and JOSHUA D. MOSSHART,<br><br>          Defendants. | Case No. 2:16-cv-06427-R-SS<br><br>**CONSENT OF DEFENDANT GLENN B. CAMP** |

1

1.     Defendant Glenn B. Camp ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein as paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)     permanently restrains and enjoins Defendant from violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 5 of the Securities Act, 15 U.S.C. § 77e, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5;

    (b)     prohibits Defendant, in accordance with Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e) and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

    (c)     orders Defendant to pay disgorgement in the amount of $476,550.00, plus prejudgment interest thereon in the amount of $23,464.98; and

    (d)     orders Defendant to pay a civil penalty in the amount of $175,000.00 under Section 20(d) of the Securities Act, and Section 21(d)(3) of the Exchange Act.

3.     Defendant agrees that he shall not seek or accept, directly or indirectly,

1

reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedures, and hereby waives any objection based thereon.

9.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any

3

public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter

4

1   for the purpose of enforcing the terms of the Final Judgment.

2

3   Dated: August 2 3 2017

    GLENN B. CAMP

4

5        On _____, 2017, Glenn B. Camp, a person known to me, personally

6   appeared before me and acknowledged executing the foregoing Consent.

7

8

9                                        _____

10                                       Notary Public
                                         Commission expires:

11

12  Approved as to form:

13

14  _____

15  Michael P. McCloskey
    401 W. A Street, Suite 1900
16  San Diego, CA 92101-7908
    619.881.3326 (Direct)
17  michael.mccloskey@@wilsonelser.com
    Attorney for Defendant Camp
18

19

20

21

22

23

24

25

26

27

28

                                    5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )

County of _Ventura_                                    )

On _8-23-2017_____ before me, _James Robert Taylor, Notary Public_,
    Date                                    *Here Insert Name and Title of the Officer*

personally appeared _____Glenn B. Camp_____
                             *Name(s) of Signer(s)*

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> **JAMES ROBERT TAYLOR**
> **Notary Public - California**
> **Ventura County**
> **Commission # 2176295**
> **My Comm. Expires Dec 19, 2020**

Signature_____

                     *Signature of Notary Public*

    *Place Notary Seal Above*

———————————————— **OPTIONAL** ————————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____Consent of Defendant Glenn B. Camp_

Document Date: _August 23, 2017_____ Number of Pages: _Total 7 pages_

Signer(s) Other Than Named Above: _____including acknowledgment_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Glenn B. Camp_____          Signer's Name: _____

☒ Corporate Officer — Title(s): _____          ☐ Corporate Officer — Title(s): _____

☐ Partner — ☐ Limited  ☐ General          ☐ Partner — ☐ Limited  ☐ General

☐ Individual        ☐ Attorney in Fact          ☐ Individual        ☐ Attorney in Fact

☐ Trustee          ☐ Guardian or Conservator          ☐ Trustee          ☐ Guardian or Conservator

☐ Other: _____          ☐ Other: _____

Signer Is Representing: _____          Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 30, 2017, I caused to be served the document entitled **CONSENT OF DEFENDANT GLENN B. CAMP** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 30, 2017          /s/ Gary Y. Leung
                                 Gary Y. Leung

***SEC v. Enviro Board Corporation et al***
**United States District Court—Central District of California**
**Case No. 2:16-cv-06427-R-SS**

## SERVICE LIST

Michael P. McCloskey, Esq. **(served by CM/ECF)**
David J. Aveni, Esq. **(served by CM/ECF)**
Marty B. Ready, Esq. **(served by CM/ECF)**
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
401 West A Street, Suite 1900
San Diego, CA 92101
Email:  michael.mccloskey@wilsonelser.com
Email:  david.aveni@wilsonelser.com
Email:  marty.ready@wilsonelser.com
***Attorney for Defendants Enviro Board Corporation, Glenn B. Camp and William J. Peiffer***

Joshua D. Mosshart **(served by electronic and U.S. mail)**
6435 Zumirez Drive, No. 13
Malibu, CA 90265
Email:  joshuamosshart@gmail.com
***Pro Se***

2