1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   vs.

ENVIRO BOARD CORPORATION,
GLENN B. CAMP, WILLIAM J.
PEIFFER, and JOSHUA D.
MOSSHART,

        Defendants.

Case No. 2:16-cv-06427-R-SS

**FINAL JUDGMENT AS TO
DEFENDANT JOSHUA D.
MOSSHART**

This matter came before the Court on the Securities and Exchange Commission's ("SEC") Motion for Entry of Default Judgment against Defendant Joshua D. Mosshart and the SEC's Motion To Set a Civil Penalty, Order an Adjusted Disgorgement Amount, and Enter Final Judgment Against Defendant Joshua D. Mosshart (collectively, the "Motions"). The Court having considered the SEC's Complaint, the Motions, the supporting Memoranda of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

I.

IT IS HEREBY ORDERED that the SEC's Motion for Default Judgment against Defendant Joshua D. Mosshart and the SEC's Motion to Set a Civil Penalty, Order an Adjusted Disgorgement Amount, and Enter Final Judgment against Defendant Joshua D. Mosshart are GRANTED.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e, by directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual notice of this Judgment by personal service or otherwise:  (a)  Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from  violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] in connection with the purchase or sale of a security, by the use of means or instrumentalities or interstate commerce, of the mails, or of the facilities of a national securities exchange, directly or indirectly effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities without being registered with the SEC, or affiliated with a broker-dealer registered with the SEC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual notice of this Judgment by personal service or otherwise:  (a)  Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

1

IV.

2    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

3    is liable for disgorgement of $293,655.00, representing ill-gotten gains obtained as a

4    result of the conduct alleged in the Complaint, plus prejudgment interest thereon in

5    the amount of $30,240.41, and a civil penalty amount of $293,655.00 pursuant to

6    Section 20(d)(2)(A) of the Securities Act and Section 21(d)(3)(B) of the Exchange

7    Act, for a total of $617,550.41.  Defendant shall satisfy this obligation by paying

8    $617,550.41to the SEC within 14 days after entry of this Judgment.

9    Defendant may transmit payment electronically to the SEC, which will provide

10   detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

11   directly from a bank account via Pay.gov through the SEC website at

12   http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

13   check, bank cashier's check, or United States postal money order payable to the

14   Securities and Exchange Commission, which shall be delivered or mailed to:

15   Enterprise Service Center
     Accounts Receivable Branch
16   6500 South MacArthur Boulevard
17   Oklahoma City, OK  73169

18   and shall be accompanied by a letter identifying the case title, civil action number,

19   and name of this Court; Joshua Mosshart as a defendant in this action; and specifying

20   that payment is made pursuant to this Judgment.

21   Defendant shall simultaneously transmit photocopies of evidence of payment

22   and case identifying information to the SEC's counsel in this action.  By making this

23   payment, Defendant relinquishes all legal and equitable right, title, and interest in

24   such funds and no part of the funds shall be returned to Defendant.

25   The Commission may enforce the Court's judgment for disgorgement and

26   prejudgment interest by moving for civil contempt (and/or through other collection

27   procedures authorized by law) at any time after 14 days following entry of this Final

28   Judgment.  Defendant shall pay post judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

Dated: _March 21, 2018_____

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE